# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARVIN GRIDDLE, | : | Civil No. 3:16-cv-1396 |
| Plaintiff | : | (Judge Mariani) |
| v. | : | |
| JOHN A. ROWLEY, SUSAN WATT, | : | |
| Defendants | : | |

## **MEMORANDUM**

Plaintiff Marvin Griddle ("Plaintiff"), a former state inmate housed at the Clinton County Correctional Facility, initiated this action pursuant to 42 U.S.C. § 1983.[1] (Doc. 1). Named as Defendants are Warden John A. Rowley and Deputy Warden Susan Watt. (*See* Docs. 1, 4). For the reasons set forth below, the Court will dismiss this action for failure to prosecute and failure to comply with a Court Order.

## I. **Background**

In the complaint, Griddle alleges that, while housed at the Clinton County Correctional Facility, he did not receive adequate physical exercise, recreation or fresh air in violation of his Eighth Amendment rights. (Docs. 1, 4). As a result of the alleged inadequate outdoor exercise, Griddle alleges that he endured pain and suffering. (*Id.*). On

---

[1] Griddle is no longer incarcerated. Upon entering Griddle's identifying information, MQ5511, into the Vinelink Inmate Locator System, his status was returned as "out of custody." *See* https://vinelink.com/#/search.

September 23, 2016, Defendants filed an answer to the complaint with affirmative defenses. (Doc. 16).

On November 1, 2016, Griddle filed a request for an updated status of his case. (Doc. 19). Since then, Griddle has not contacted the Court. Accordingly, on November 9, 2018, the Court Ordered Griddle to provide his current address. (Doc. 20). The Order warned Griddle that, "[f]ailure to comply with this Order may result in the dismissal of this case for failure to prosecute." (*Id.* at p. 2) (citing Federal Rule of Civil Procedure 41(b)). On November 26, 2018, the Court's mail to Griddle was returned, unopened, and marked as undeliverable. (Doc. 21). It is clear that Griddle failed to comply with the Court's Order and the time for complying has now passed. Griddle has not communicated with the Court since November 1, 2016, and has not provided the Court with a current, updated address.

## II. <u>Discussion</u>

District courts have the inherent power to dismiss an action for failure to prosecute *sua sponte*. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991). The United States Court of Appeals for the Third Circuit has identified six (6) factors a court should consider before dismissing an action for failure to prosecute:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984) (emphases omitted). Not all of the *Poulis* factors need be satisfied to dismiss a complaint. *See Shahin v. Delaware*, 345 F. App'x 815, 817 (3d Cir. 2009) (citing *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992)).

In the present matter, Griddle is *pro se* and is solely responsible for his actions. *See Colon v. Karnes*, 2012 U.S. Dist. LEXIS 14692, at *7 (M.D. Pa. 2012) ("Plaintiff is proceeding *pro se*, and thus is responsible for his own actions."). At this point, the Court has been waiting more than two years for Griddle to communicate with the Court, and can only conclude that he is personally responsible for failing to inform the Court of his whereabouts.

Second, prejudice to the adversary generally includes "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories or the excessive and possibly irremediable burdens or costs imposed on the opposing party." *Adams v. Trustees of N.J. Brewery Emps.' Pension Trust Fund*, 29 F.3d 863, 874 (3d Cir. 1994). Prejudice also includes "the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy." *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003). Griddle's continued failure to communicate with the Court and continued inaction frustrates and delays resolution of this action. This failure to communicate clearly prejudices the Defendants who likely seek a timely resolution of the case. *See Azubuko v. Bell National*

*Organization*, 243 F. App'x 728, 729 (3d Cir. 2007) (stating that plaintiff's failure to file an amended complaint prejudices defendants and compels dismissal).

Third, Griddle has established a history of dilatoriness through his failure to notify the Court of his whereabouts and failure to comply with Court Orders and rules. As is clear from the procedural background of this case, Griddle has not communicated with the Court since November 1, 2016. (Doc. 19). On November 9, 2018, the Court Ordered Griddle to provide his current address, and warned him that this case was subject to dismissal for failure to prosecute. (Doc. 20). The Order warned Griddle that, "[f]ailure to comply with this Order may result in the dismissal of this case for failure to prosecute." (*Id.* at p. 2) (citing Federal Rule of Civil Procedure 41(b)). Griddle failed to comply with the Order and the time for complying has now passed. The Court finds that over the past two years, Griddle has delayed this matter to the extent that his conduct constitutes a "continuous stream of dilatory conduct." *Briscoe v. Klem*, 538 F.3d 252, 261 (3d Cir. 2008). A *pro se* plaintiff has the affirmative obligation to keep the Court informed of his address. (*See* Doc. 8, p. 4, Standing Practice Order issued July 15, 2016; *see also* M.D. Pa. Local Rule of Court 83.18). Pursuant to Local Rule 83.18, a *pro se* plaintiff "shall maintain on file with the clerk a current address at which all notices and copies of pleadings, motions or papers in the action may be served upon such party." M.D. Pa. L.R. 83.18. Griddle has clearly failed to comply with the terms set forth in the Standing Practice Order and Middle District of

Pennsylvania Local Rule 83.18.

Regarding the next factor, "[w]illfulness involves intentional or self-serving behavior." *Adams*, 29 F.3d at 874. It appears that at least some of this dilatory behavior was performed willfully and in bad faith, as Griddle has offered no explanation for his failure to provide the Court with his current address, and has been less than diligent in pursuing this matter. *Gagliardi v. Courter*, 144 F. App'x 267, 268 (3d Cir. 2005) (holding that the district court did not abuse its discretion by dismissing plaintiff's complaint for failure to prosecute, where plaintiff failed to respond to defendants' motion to dismiss for more than three months and this failure to comply prejudiced defendants).

Fifth, a district court must consider the availability of sanctions alternative to dismissal. *Poulis*, 747 F.2d at 869. Given Griddle's indigence, alternative, monetary, sanctions would not be effective. *See Dennis v. Feeney*, 2012 U.S. Dist. LEXIS 7328, at *5 (M.D. Pa. 2012) (finding, "monetary sanctions are unlikely to be efficacious given that Plaintiff is indigent"). Moreover, the Court is incapable of imposing a lesser sanction without knowledge of Griddle's whereabouts.

The final *Poulis* factor is meritoriousness of the claim. A claim will be deemed meritorious when the allegations of the complaint, if established at trial, would support recovery. *Poulis*, 747 F.2d at 870. The standard for a Rule 12(b)(6) motion to dismiss is utilized in determining whether a claim is meritorious. *Poulis*, 747 F.2d at 869-70. The

Court finds that consideration of this factor cannot save Griddle's claims, since he is now wholly non-compliant with his obligations as a litigant. Thus, the weight of this factor is lessened and, following a full analysis of the factors, the majority of the six factors weigh in favor of Defendants.

## III. Conclusion

Griddle's last communication with the Court was on November 1, 2016. (Doc. 19). It is clear that Griddle has been released from custody. (*See* https://www.vinelink.com/#/search). Griddle's prolonged failure to notify the Court of his whereabouts has forced the Court to consider whether to dismiss the instant action for failure to prosecute. After consideration of the *Poulis* factors, it is clear that the factors militate in favor of dismissal of Griddle's claims.

A separate Order shall issue.

Dated: December 3 , 2018

Robert D. Mariani
United States District Judge